**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 14-1275

UNITED STATES OF AMERICA,

Appellee,

v.

AMANDA RODRIGUEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Barron, Selya and Stahl,
Circuit Judges.

William Maselli on brief for appellant.
Thomas E. Delahanty II, United States Attorney, and Margaret D. McGaughey, Assistant United States Attorney, on brief for appellee.

April 21, 2015

**Per Curiam**.  A jury convicted defendant-appellant Amanda Rodriguez of conspiracy to possess with intent to distribute a mixture or substance containing cocaine base (crack cocaine).  See 21 U.S.C. §§ 841(a)(1), 846; 18 U.S.C. § 2.  The district court sentenced her to serve a 36-month incarcerative term.  Rodriguez now appeals, contending that the evidence was insufficient to ground her conviction and that the district court's jury instructions were flawed.  Finding these claims of error unpersuasive, we summarily affirm.

We begin with Rodriguez's challenge to the sufficiency of the evidence.  Such a challenge can succeed only if the evidence, viewed in the light most hospitable to the verdict, could not have convinced any reasonable trier of fact of the defendant's guilt beyond a reasonable doubt.  See United States v. Rodríguez-Vélez, 597 F.3d 32, 39 (1st Cir. 2010); United States v. O'Brien, 14 F.3d 703, 706 (1st Cir. 1994).  The evidence against Rodriguez easily passes muster under this government-friendly standard.

We need not tarry.  Viewing the record evidence most favorably to the verdict and drawing all reasonable inferences in the government's favor, see United States v. Valle, 72 F.3d 210, 216 (1st Cir. 1995), a jury could reasonably find — as this jury did — that an agreement existed to possess crack cocaine with intent to distribute and that Rodriguez joined the agreement intending that the underlying crime be committed.  After all, the

government presented, inter alia, evidence that Rodriguez allowed her apartment to be used as a "trap house" from which the conspiracy sold drugs; that Rodriguez sometimes took charge of particular transactions; that Rodriguez drove the ringleader to Connecticut, where he obtained drugs which were then individually packaged; that Rodriguez placed the drugs in her pants "under her stomach" for transportation back to Maine; that Rodriguez later removed the drugs from this location to allow another co-conspirator (Velasquez) to secrete them in a body cavity; and that, after watching Velasquez hide the drugs, Rodriguez drove her back to Maine. No more was exigible to allow the jury to conclude beyond a reasonable doubt that Rodriguez was guilty of the charged crime. As we have said, "[t]he government may prove its case entirely by circumstantial evidence and need not exclude every reasonable hypothesis of innocence, provided the record as a whole supports a conclusion of guilt beyond a reasonable doubt." United States v. Victoria-Pequero, 920 F.2d 77, 86-87 (1st Cir. 1990).

Rodriguez's claim of instructional error is equally unavailing. She objects to the district court's use of an aiding and abetting instruction, saying that such an instruction is improper in a conspiracy case. But this court has previously held that a defendant can be convicted of a conspiracy charge as an aider and abettor. See United States v. Oreto, 37 F.3d 739, 751 (1st Cir. 1994); see also United States v. Marino, 277 F.3d 11, 30

(1st Cir. 2002).  Oreto establishes the law of the circuit: it is still good law (it has never been overruled or called into serious question), and this panel is bound to adhere to it.  See, e.g., United States v. Wogan, 938 F.2d 1446, 1449 (1st Cir. 1991) ("[I]n a multi-panel circuit, prior panel decisions are binding upon newly constituted panels in the absence of supervening authority sufficient to warrant disregard of established precedent.").  Because there was evidence here to support an aiding and abetting instruction, the court below did not err in instructing the jury in accordance with Oreto.

We need go no further.  For the reasons elucidated above, the judgment of the district court is summarily **affirmed**.  See 1st Cir. R. 27.0(c).